**FILED & ENTERED**

**DEC 03 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY hawkinso DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>HASAN MUSTAFA,<br><br>　　　　　　　　Debtor. | Case No.: 6:19-bk-19432-WJ<br><br>CHAPTER 7<br><br>Adv. Proc. No. 6:19-ap-01166-WJ |
| U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　Plaintiff.<br><br>　　　　　v.<br><br>HASAN MUSTAFA,<br><br>　　　　　　　　Defendant. | **MEMORANDUM OF DECISION SUA SPONTE REMANDING UNLAWFUL DETAINER PROCEEDING TO STATE COURT** |

On October 25, 2019, Hasan Mustafa ("Debtor") filed an incomplete chapter 7 bankruptcy case. It appears the Debtor filed the incomplete bankruptcy case to stall an eviction proceeding pending in state court: U.S. Bank, National Association v. Hasan Mustafa, San Bernardino County Superior Court, Case No. UDFS1903219 ("Eviction Proceeding"). In response, the plaintiff filed an immediate motion for relief from stay [docket #13] which the Court granted by an order entered on November 21, 2019 [docket #16]. The motion for relief from stay was unopposed.

1   Six days later, in order to further delay the Eviction Proceeding, the Debtor then removed

2   the Eviction Proceeding from state court to this Court on November 27, 2019.  For the following

3   reasons, the Court hereby sua sponte remands the Eviction Proceeding back to state court.

4   First, the chapter 7 bankruptcy case has been dismissed.  When the Debtor failed to file all

5   case initiation documents, the clerk of the Court issued a notice and an order[1] indicating that the

6   case would be dismissed if the Debtor failed to file all case initiation documents by November 8,

7   2019.  The Debtor did not do so.[2]

8   Instead, on November 8, 2019, the Debtor filed a motion to extend the deadline to

9   November 21, 2019 [docket #10].  However, the Debtor failed to file any case initiation documents

10  by November 21, 2019.  Therefore, the motion was moot and denied on that basis.  The clerk of the

11  Court then dismissed the case (pursuant to the deficiency notice and order) on December 3, 2019.

12  Under such circumstances, all adversary proceedings normally become moot and should be

13  dismissed. See California Practice Guide, Bankruptcy, (The Rutter Group 2012) § 1:995 ("[T]he

14  general rule is that related proceedings ordinarily should be dismissed following termination of the

15  underlying case."); Porges v. Gruntal & Co., Inc., 44 F.3d 159, 162 (2nd Cir. 1995) ("We join

16  several other circuits in adopting the general rule that related proceedings ordinarily should be

17  dismissed following the termination of the underlying bankruptcy case.  This general rule favors

18  dismissal because a bankruptcy court's jurisdiction over such related proceedings depends on the

19  proceedings' nexus to the underlying bankruptcy case. See In re Querner, 7 F.3d 1199, 1201-02

20  (5th Cir.1993); In re Morris, 950 F.2d 1531, 1533 (11th Cir.1992); In re Smith, 866 F.2d 576, 580

21  (3d Cir.1989).").

---

[1] See Docket #1-2 and 1-3.

[2] The Debtor has established a pattern of filing pro se incomplete bankruptcy cases which are then dismissed due to a failure to file the remaining case initiation documents or which fail for other reasons. See Case Number 19-17882, Chapter 7 filed in California Central Bankruptcy on 09/06/2019, Dismissed for Failure to File Information on 09/24/2019; Case Number 11-29086, Chapter 7 filed in California Central Bankruptcy on 06/10/2011, Case Number 11-32465, Chapter 13 filed in California Central Bankruptcy on 07/12/2011, Dismissed for Failure to File Information on 08/09/2011 (Admin) (Entered: 10/28/2019); Dismissed for Failure to File Information on 07/01/2011; Case Number 14-18787, Chapter 13 filed in California Central Bankruptcy on 07/08/2014, Dismissed for Other Reason on 07/17/2014; Case Number 11-36790, Chapter 7 filed in California Central Bankruptcy on 08/22/2011.

1    Second, filing a bankruptcy case to stall an eviction is not a good faith use of the bankruptcy system. See, e.g., In re Smith, 105 B.R. 50, 53 & 55 (Bankr. C.D. Cal. 1989) (describing cases filed to delay an eviction as "abusive" and designed to "delay improperly the landlord from obtaining possession of his property.").

Third, this is not the first bankruptcy case filed to prevent eviction.  A prior bankruptcy case was also filed.  The prior bankruptcy case is discussed in the motion for relief from stay [docket #13] on pages 13 and 14.

Fourth, the timing of the removal also appears manipulative.  The motion for relief from stay indicates that a continued trial date in the unlawful detainer action is set for December 3, 2019.  By filing the notice of removal last Wednesday, the Debtor appears to seek to delay the trial.

Fifth, according to the motion for relief from stay in the prior bankruptcy case, the Eviction Proceeding was filed after a foreclosure sale that occurred in 2018.  Therefore, the evidence indicates the Debtor no longer has any ownership interest nor any possessory interest in the real property at issue.

Sixth, the removed proceeding pertains to an unlawful detainer action and, in general, "[b]ecause an unlawful detainer action is a summary proceeding designed to facilitate owners in obtaining possession of their real property, cross-complaints, countercomplaints, and affirmative defenses are inadmissible." Lebbos v. Judges of Superior Court, Santa Clara County, 883 F.2d 810, 815 (9th Cir. 1989); see also Thomas v. Housing Authority of the County of Los Angeles, 2005 WL 6136432, at *9 (C.D. Cal. June 3, 2005) ("California does not permit a tenant in an unlawful detainer action to assert counterclaims.").

Seventh, bankruptcy courts have the power to sua sponte remand lawsuits removed to the bankruptcy court. In re Bisno, 433 B.R. 753, 756-58 (Bankr. C.D. Cal. 2010)); see also California Practice Guide, Bankruptcy, (The Rutter Group 2012) § 1:946 ("Sua sponte by bankruptcy court: The bankruptcy court may remand a removed action sua sponte. [In re Bisno (BC CD CA 2010) 433 BR 753, 758; Scherer v. Carroll (D VT 1993) 150 BR 549, 552; In re Ramada Inn-Paragould Gen. Partnership (BC ED AR 1992) 138 BR 63, 65]").

1        As a result, when debtors remove eviction proceedings from state court to federal court, the courts in this district have often sua sponte remanded them back to state court. See, e.g., EPDE v. Pena, District Court Case 2:15-cv-00821-FMO-JPR (C.D. Cal. 2015) (sua sponte remand order entered on February 9, 2015); Moreno Valley v. One Up Holistic, Adv. No. 6:16-ap-01226-MJ (sua sponte remand order entered on September 2, 2016); Watson v. Sing, Adv. No. 6:16-ap-01210-SY (sua sponte remand order entered on August 31, 2016); U.S. Bank Association v. Bhakta, Adv. No. 6:15-ap-01279-MJ (Bankr. C.D. Cal. 2015) (sua sponte remand order entered on October 7, 2015); Kim v. Kim, Adv. No. 2:14-ap-01482-NB (Bankr. C.D. Cal. 2014) (sua sponte remand order entered on July 17, 2014); Federal National Mortgage Association v. Flores, Adv. No. 6:11-ap-01047-MJ (Bankr. C.D. Cal. 2011) (sua sponte remand order entered on January 26, 2011); Blue Sea Blue Sky Inc. v. Wray, Adv. No. 6:09-ap-1700-MJ (Bankr. C.D. Cal. 2009) (sua sponte remand order entered December 3, 2009); HSBC Bank USA, N.A. v. Powell, Adv. No. 6:10-ap-01084-MJ (Bankr. C.D. Cal. 2010) (sua sponte remand order entered on March 2, 2010); Robles v. Abelian, Adv. No. 2:14-ap-01390-SK (Bankr. C.D. Cal. 2014) (sua sponte remand order entered on June 18, 2014); Federal Home Loan Mortgage Corporation v. Hernandez, Adv. No. 2:14-ap-01067-WB (Bankr. C.D. Cal. 2014) (sua sponte remand order entered on July 10, 2014).

       Accordingly, the Court shall enter a separate order remanding this adversary proceeding back to state court.

###

Date: December 3, 2019

_____
Wayne Johnson
United States Bankruptcy Judge